cr-06162-PAS    Document 192    Entered on FLSD Docket 02/22/2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA

v.

RAYMOND HICKS, et al
_____/

### MOTION FOR DISCLOSURE OF INFORMANTS AND TO PRODUCE INFORMANTS FOR INTERVIEW

NOW COME the Defendant, RAYMOND HICKS, through counsel, and respectfully move this Honorable Court to Order the Government to disclose the names and addresses of any and all informants whom the Government has utilized in the instant case and to produce the Informants for interview by defense counsel.

### AUTHORITY

The United States Supreme Court held in <u>Roviaro v. United States,</u> 353 U.S. 53 (1957), that:

> Where the disclosure of an informant's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. <u>Id.</u> at 60.

Relying on the Court's opinion in <u>Roviaro,</u> the United States Court of Appeals for the Third Circuit has held that <u>Roviaro</u> requires a balancing of the Government's interest in maintaining confidentiality of its informant against a defendant's interest in disclosure. <u>United States v. Jiles,</u> 658 F.2d 194, 198 (3d Cir. 1981), <u>cert. denied,</u> 455 U.S. 923, 102 S.Ct. 1282 (1982).

In the instant case, the Government relied on confidential



information. It is essential for the Defendants to investigate whether the Government's reliance on such sources of information was reasonable. The Defendants can clearly show that any alleged confidential informant utilized in their case is a key witness for the Government and, therefore, the informant's privilege should give way to the Defendants' right to disclosure.

Disclosure is necessary in many instances, and particularly in this case, as a means available to afford this Defendant an opportunity to establish that if an informer did exist, that the information supplied to the Government by them was accurate or inaccurate.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request this Honorable Court to enter an Order granting the relief requested and for such other relief as this Court deems necessary and proper.

Respectfully submitted,

RUBEN M. GARCIA, ESQUIRE
1209 S.E. 3rd Avenue
Ft. Lauderdale, Fl 33316

By: _____
Ruben M. Garcia, Esq.
Counsel for Defendant HICKS
Fl. Bar #510475

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to Kathleen Rice, Esquire, Assistant United States Attorney at 500 E. Broward Blvd, 7th Floor, Ft. Lauderdale, Florida 33394 and to other counsel of record named on the attached list, this 20th day of February, 2001.

Ruben M. Garcia, Esq.

**88.9 CERTIFICATE**

Pursuant to Local Rule 88.9 undersigned counsel has contacted Kathleen Rice, Assistant United States Attorney in charge of this case and matter to discuss the contents of this motion and the Government is opposed to the granting of this motion.

Ruben M. Garcia, Esq.

Counsel List

UNITED STATES v. RAYMOND HICKS, et al
CASE NO.  00-6162-Cr-ROETTGER/SNOW

Richard Diaz, Esq.
2701 S.W 3rd Avenue
Miami, Fl 33129-2335

Randee Golder, Esq.
P.O. Box 3756
Boyton Beach, Fl 33424

Patrick Hunt, AFPD
101 N.E. 3rd Avenue
Suite 202
Ft. Lauderdale, Fl 33301

Steven Kassner, Esq.
815 Ponce De Leon Blvd.
Suite 303
Coral Gables, FL 33134-3007

Manuel Gonzalez, Esq.
780 N.W. 42nd Avenue
Suite 318
Miami, Fl 33126-5536

Vincent Flynn, Esq.
1221 Brickell Avenue
Suite 602
Miami, Fl 33131-3260

Michael Entin, Esq.
One East Broward Blvd.
Suite 1500
Ft. Lauderdale, Fl 33301

*(signature)*
Ruben M. Garcia, Esquire
Attorney for HICKS
1209 S.E. 3rd Avenue
Ft. Lauderdale, FL 33316
(954)462-4600
FAX: (954)462-0828