UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA

v.

RAYMOND HICKS, et al
_____/

**MOTION FOR PRODUCTION OF RELEVANT STATEMENTS OF
PERSONS WHO ARE NOT PROSPECTIVE GOVERNMENT WITNESSES**

The Defendant, RAYMOND HICKS, through counsel, respectfully moves this Court to direct the plaintiff to search for and produce any and all statements, of any nature, directly or indirectly relating to or connected with the facts of this case which were made, signed, adopted, approved by or otherwise attributed to persons whom the plaintiff does not presently intend to call as witnesses herein. The motion is made pursuant to Rule 16(a)(1)(c) of the Federal Rules of Criminal procedure and the principle of <u>Brady v. Maryland,</u> 373 U.S. 83 (1963). As grounds for this motion, the Defendant states the following:

1. Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure requires the Government to disclose and to permit the Defendant to inspect and copy all documents or other tangible objects which are within its possession, custody or control and which

    (a) are material to the preparation of a defense; or
    (b) are intended for use by the Government as evidence in chief at the trial; or
    (c) were obtained from or belong to the Defendant, HICKS.



2. Disclosure pursuant to Rule 16 is mandatory rather than discretionary.

3. Further, the Defendant, HICKS, is not required to show that his discovery request is "material" or "reasonable." Indeed, the word "reasonable" has been entirely deleted from the amended rule.

4. Due process itself requires the prosecution to respond to specific request for any evidence or information which arguably is favorable or helpful to the accused.

5. Under Rule 16(a)(2), discovery of statements made by Government witnesses is governed by the Jencks Act (18 USCS §3500). Since neither the Jencks Act nor Rule 16(a)(2) preclude discovery of witness statements made by witnesses whom the Government does not intend to use at trial, disclosure of material statements in this category may be ordered under Rule 16(a)(1)(C).

6. The Defendant is requesting non-witnesses' statements "directly or indirectly relating to or connected with the facts of the case." Hence, the statements are by definition, "material to the preparation to the defense" under Rule 16(a)(1)(C). See: United States v NYNEX Corp. (1991, DC Dist Col) 781 F Supp 19, 1992-1 CCH Trade Cases 69721 (government should interpret phrase "material to the preparation of defendant's defense" broadly, to ensure fairness to defendant).

WHEREFORE, the specific statements sought by this motion should be routinely disclosed and the Defendant's motion for such disclosure should be granted.

Respectfully submitted,

RUBEN M. GARCIA, ESQUIRE
1209 S.E. 3rd Avenue
Ft. Lauderdale, Fl 33316

By: _____
Ruben M. Garcia, Esq.
Counsel for Defendant HICKS
Fl Bar #510475