UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )
RAYMOND HICKS,                  )
                                )
            Defendant.          )
_____)

### GOVERNMENT'S RESPONSE TO DEFENDANT RAYMOND HICKS' MOTION FOR DISCLOSURE OF INFORMANTS AND TO PRODUCE INFORMANTS FOR INTERVIEW

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its response to the defendant, Raymond Hicks' motion for disclosure of informants and to produce informants for interview, and states as follows:

1. On June 15, 2000, a five count indictment was returned by a Federal Grand Jury in the Southern District of Florida charging eight individuals, including Defendant Raymond Hicks, with narcotics violations. Defendant Hicks is charged in Count One of the indictment. This indictment was subsequently superseded to reflect that from December 1996 through September 1999, Defendant Hicks conspired with seven other individuals and with persons known and unknown to the Grand Jury to possess with intent to distribute in excess of five kilograms of cocaine.

2. On July 28, 2000, the Government filed a motion to delay compliance with paragraphs



"D" and "E" of the Standing Discovery Order. Attached to the motion was a sealed submission detailing the Government's specific concerns with disclosing the identities of the Government's witnesses. In its motion, the Government noted that immediate compliance with these paragraphs of the Standing Discovery Order "would necessarily disclose to the defendants the identity of trial witnesses for whom the government has serious concerns for their safety."

   3. On August 7, 2000, United States Magistrate Judge Lurana S. Snow granted the Government's motion and ordered that the Government would have until five business days before the commencement of trial in which to comply with paragraphs "D" and "E" of the Standing Discovery Order.

   4. On February 20, 2001, Defendant Hicks filed a motion for disclosure of informants and to produce informants for interview wherein he relied upon the principles set forth in *Roviaro v. United States*, 353 U.S. 53 (1957) for his position that the Government should be forced to identify its confidential informants and Government witnesses.

## MEMORANDUM

The Defendant's reliance upon *Roviaro* in this context is misplaced. The Court has previously granted the Government's request to delay disclosing information relating to prospective Government witnesses until five days prior to trial due to concerns for the safety of these witnesses. At that time, in compliance with the Court's Order, the Government will disclose all information, including identity, relating to each witness required under paragraphs "D" and "E" of the Standing Discovery Order. Such witnesses will include, but not be limited to, those confidential informants utilized in this case who will be testifying at trial.

WHEREFORE, the Government respectfully requests that the Defendant's motion for disclosure of informants and to produce informants for interview be denied in its entirety.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 6th day of March, 2001, to: Ruben M. Garcia, Esquire, 1209 S.E. 3rd Avenue, Fort Lauderdale, Florida 33316.

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
