UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
vs.                          )
                             )
RAYMOND HICKS,               )
                             )
          Defendant.         )
_____)

### GOVERNMENT'S MOTION TO DISMISS APPEAL AS UNTIMELY, OR IN THE ALTERNATIVE, RESPONSE TO DEFENDANT RAYMOND HICKS' MOTION FOR IMMEDIATE REVIEW OF DETENTION STATUS AND AUTOMATIC RELEASE

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its Motion to Dismiss Appeal as Untimely, or in the alternative, Response to Defendant Raymond Hicks' motion for immediate review of detention status and automatic review pursuant to 28 U.S.C. § 3164, and states as follows:

1. On June 15, 2000, a five count indictment was returned by a Federal Grand Jury in the Southern District of Florida charging eight individuals, including Defendant Raymond Hicks, with narcotics violations. Defendant Hicks is charged in Count One of the indictment which count alleges that from December 1996 through September 1999, Defendant Hicks conspired with seven other individuals and with persons known and unknown to the Grand Jury to possess with intent to distribute in excess of five kilograms of cocaine.



2. On June 23, 2000, a pretrial detention hearing was held before United States Magistrate Judge Lurana S. Snow. At the hearing, Defendant Hicks was represented by Martin Feigenbaum, Esquire. At the conclusion of the hearing, Magistrate Judge Snow found that Defendant Hicks posed a danger to the community and to government witnesses and ordered him to be detained as a danger to the community. Magistrate Judge Snow further found that Defendant Hicks was not a risk of flight.

3. On February 19, 2001, Defendant Hicks filed the instant Motion. To the extent that the Defendant's motion constitutes an appeal of Magistrate Judge Snow's detention order, it should be dismissed as clearly untimely under Rule 4(a)(1) of the Magistrate Rules of this Court. If the Defendant is relying upon "newly discovered evidence" to justify his belated motion, the motion should be denied as the Defendant has not presented any evidence which would alter the findings made by the Court. Magistrate Judge Snow's factual findings are supported by the record and Magistrate Judge Snow properly concluded that the Government's request for pretrial detention should be granted.

## MEMORANDUM OF LAW

Rule 4(a)(1) of the Magistrate Judge Rules of this Court provides in pertinent part as follows:

> Any person may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within ten (10) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge...

In this case, the Magistrate Judge's Order was entered and served on all counsel of record

on June 27, 2000. Under Rule 4(a)(1), any Appeal of the detention Order should have been filed within ten days of being served with the Magistrate Judge's June 27, 2000 Order. No additional time in which to file such an Appeal has been prescribed either by the Magistrate Judge or by this Court. Accordingly, the defendant's instant Appeal is clearly untimely and should be dismissed as such.

In the alternative, the Defendant is not entitled to the relief sought in his Appeal. A defendant may move the district court to revoke or amend an order of detention pursuant to Title 18, United States Code, Section 3145. In reviewing the Magistrate Judge's denial of pretrial release, the district court must perform an independent review of the record to determine whether the Magistrate Judge properly found that detention was appropriate. *See United States v. King*, 849 F.2d 485 (11th Cir. 1988). If the district court determines that factual issues remain to be resolved or that additional evidence is necessary, the court may conduct an evidentiary hearing to resolve these issues and must then enter written factual findings and written reasons supporting its decision.

If the district court determines that an evidentiary hearing is not necessary, it may determine after a careful review of the pleadings and evidence developed at the pretrial detention hearing that the Magistrate Judge's factual findings are supported and that the Magistrate Judge's legal conclusions are correct. The district court may then explicitly adopt the Magistrate's pretrial detention order without preparing its own written findings of fact and statement of reasons.

Thus, the district court need only make written findings and a written statement of reasons supporting modification where:

> (1) the district court considers evidence which was *not* considered by the magistrate; or
> (2) the district court adopts the magistrate's recommendation that pretrial detention is necessary but finds that certain of the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence.

*Id.*, at 491.

In this case, the Government invoked the rebuttable presumption, based upon the return of an indictment by a Federal Grand Jury, pursuant to 18 U.S.C. § 3142(e). During the hearing, the Government proceeded by way of proffer which Special Agent Andrew Thompson of the Federal Bureau of Investigation adopted as his testimony. Special Agent Thompson was then cross-examined by counsel for Defendant Hicks.

The Government's proffer and Special Agent Thompson's testimony revealed that Defendant Hicks was a member of a cocaine trafficking organization in Fort Lauderdale which distributed cocaine throughout South Florida to Northern Florida, Georgia and North Carolina. This organization was involved in the distribution of in excess of 350 kilograms of cocaine from December 1996 through September 1999. Defendant Hicks acted as a courier, during which times he carried his police badge in the event he was stopped by law enforcement, and also provided confidential law enforcement information to the organization. Defendant Hicks was intercepted on a number of wire communications during Summer 1999.

In arguing that the Defendant was a danger to the community, the Government relied upon the facts of the instant case, including the fact that some individuals had received veiled threats from the organization, the length of incarceration Defendant Hicks is potentially facing, as well as the rebuttable presumption.

4

At the conclusion of the hearing, and in a written order, Magistrate Judge Snow found that the Defendant had ties to the community and no criminal record and was not a risk of flight. The Court found, however, that based on the nature of the charges, including the fact that witnesses had received veiled threats, the Defendant constituted a danger to the community.

In the instant Motion, the Defendant essentially re-argues the risk of flight issue - showing that he has been a member of the community for many years and has family here. The Defendant's arguments, however, are unpersuasive and unnecessary as Magistrate Judge Snow explicitly found that the Defendant was not a risk of flight.

In an apparent attempt to re-argue the "danger to the community" issue, the Defendant submits a law enforcement report of an interview with co-defendant Barry Smith. In the report, Defendant Smith states that Raymond Hicks is a friend, but that Hicks has not transported drugs for Smith. The Government respectfully submits that this report should not affect the Court's previous findings as the report must be taken in its proper context. During the course of the interview, Defendant Smith was attempting to convince agents and prosecutors that he was no longer a drug dealer. For Defendant Smith to have implicated Defendant Hicks would have contradicted Defendant Smith's earlier claim. When taken in its proper context, Defendant Smith's self-serving statements do not negate the weight of the Government's evidence against Defendant Hicks as set forth above.

WHEREFORE, the Government respectfully requests that the Defendant's motion for review be dismissed as untimely. In the alternative, the Government requests that the Court deny the Defendant's motion as the Defendant has failed to present any newly discovered evidence which would impact Magistrate Judge Snow's factual findings and legal conclusions.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
     KATHLEEN RICE
     ASSISTANT UNITED STATES ATTORNEY
     Florida Bar No. 100765
     500 East Broward Boulevard
     Seventh Floor
     Fort Lauderdale, Florida 33394
     Tel: (954) 356-7255, ext. 3512
     Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 6th day of March, 2001, to: Ruben Garcia, Esquire, 1209 S.E. 3rd Avenue, Fort Lauderdale, Florida 33316.

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

6