UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| RAYMOND HICKS, | ) |
| Defendant. | ) |

**NIGHT BOX FILED**
MAY - 2 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S MOTION TO DISMISS APPEAL AS UNTIMELY, OR IN THE ALTERNATIVE, RESPONSE TO DEFENDANT'S MOTION FOR DE NOVO REVIEW OF MAGISTRATE'S DETENTION ORDER AND FOR RELEASE ON REASONABLE BOND

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its Motion to Dismiss Appeal as Untimely, or in the alternative, Response to Defendant Raymond Hicks' motion for de novo review of magistrate's detention order and for release on reasonable bond pursuant to 28 U.S.C. § 3145, and states as follows:

1. On June 15, 2000, a five count indictment was returned by a Federal Grand Jury in the Southern District of Florida charging eight individuals, including Defendant Raymond Hicks, with narcotics violations. Defendant Hicks is charged in Count One of the indictment which count alleges that from December 1996 through September 1999, Defendant Hicks conspired with seven other individuals and with persons known and unknown to the Grand Jury to possess with intent to distribute in excess of five kilograms of cocaine.



2. On June 23, 2000, a pretrial detention hearing was held before United States Magistrate Judge Lurana S. Snow. At the hearing, Defendant Hicks was represented by Martin Feigenbaum, Esquire. At the conclusion of the hearing, Magistrate Judge Snow found that Defendant Hicks posed a danger to the community and to government witnesses and ordered him to be detained. Magistrate Judge Snow further found that Defendant Hicks was not a risk of flight. No appeal was filed of this Order.

3. On February 19, 2001, Defendant Hicks filed a motion for immediate review of detention status and automatic review pursuant to 28 U.S.C. § 3164. On April 9, 2001, Magistrate Judge Snow denied the defendant's motion.

4. On April 19, 2001, the defendant filed the instant motion wherein he seeks review of Magistrate Judge Snow's initial detention order from June 23, 2000 and release on a reasonable bond. To the extent that the Defendant's motion constitutes an appeal of Magistrate Judge Snow's initial detention order, it should be dismissed as clearly untimely under Rule 4(a)(1) of the Magistrate Rules of this Court. To the extent that the defendant is relying upon "newly discovered evidence" to justify his belated motion, the motion should be denied as the Defendant has not presented any credible evidence which would alter the findings made by the Court. Magistrate Judge Snow's factual findings are supported by the record and Magistrate Judge Snow properly concluded that the Government's request for pretrial detention should be granted.

## MEMORANDUM OF LAW

### A. MOTION TO DISMISS AS UNTIMELY

Rule 4(a)(1) of the Magistrate Judge Rules of this Court provides in pertinent part as follows:

2

> Any person may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within ten (10) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge...

In this case, the Magistrate Judge's Order was entered and served on all counsel of record on June 27, 2000. Under Rule 4(a)(1), any Appeal of the detention Order should have been filed within ten days of being served with the Magistrate Judge's June 27, 2000 Order. No additional time in which to file such an Appeal has been prescribed either by the Magistrate Judge or by this Court. Accordingly, the defendant's instant Appeal is clearly untimely and should be dismissed as such.

## B. RESPONSE IN OPPOSITION TO MOTION

In the alternative, the Defendant is not entitled to the relief sought in his Appeal. A defendant may move the district court to revoke or amend an order of detention pursuant to Title 18, United States Code, Section 3145. In reviewing the Magistrate Judge's denial of pretrial release, the district court must perform an independent review of the record to determine whether the Magistrate Judge properly found that detention was appropriate. *See United States v. King*, 849 F.2d 485 (11th Cir. 1988). If the district court determines that factual issues remain to be resolved or that additional evidence is necessary, the court may conduct an evidentiary hearing to resolve these issues and must then enter written factual findings and written reasons supporting its decision.

If the district court determines that an evidentiary hearing is not necessary, it may determine after a careful review of the pleadings and evidence developed at the pretrial detention hearing that the Magistrate Judge's factual findings are supported and that the Magistrate Judge's

3

legal conclusions are correct. The district court may then explicitly adopt the Magistrate's pretrial detention order without preparing its own written findings of fact and statement of reasons.

Thus, the district court need only make written findings and a written statement of reasons supporting modification where:

> (1) the district court considers evidence which was *not* considered by the magistrate; or
> (2) the district court adopts the magistrate's recommendation that pretrial detention is necessary but finds that certain of the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence.

*Id.*, at 491.

In this case, the Government invoked the rebuttable presumption, based upon the return of an indictment by a Federal Grand Jury, pursuant to 18 U.S.C. § 3142(e). During the hearing, the Government proceeded by way of proffer which Special Agent Andrew Thompson of the Federal Bureau of Investigation adopted as his testimony. Special Agent Thompson was then cross-examined by counsel for Defendant Hicks.

The Government's proffer and Special Agent Thompson's testimony revealed that Defendant Hicks was a member of a cocaine trafficking organization in Fort Lauderdale which distributed cocaine throughout South Florida to Northern Florida, Georgia and North Carolina. This organization was involved in the distribution of in excess of 350 kilograms of cocaine from December 1996 through September 1999. Defendant Hicks acted as a courier, during which times he carried his police badge in the event he was stopped by law enforcement, and also provided confidential law enforcement information to the organization. Defendant Hicks was

intercepted on a number of wire communications during Summer 1999.

In arguing that the Defendant was a danger to the community, the Government relied upon the facts of the instant case, including the fact that some individuals had received veiled threats from the organization, the length of incarceration Defendant Hicks is potentially facing, as well as the rebuttable presumption.

At the conclusion of the hearing, and in a written order, Magistrate Judge Snow found that the Defendant had ties to the community and no criminal record and was not a risk of flight. The Court found, however, that based on the nature of the charges, including the fact that witnesses had received veiled threats, the Defendant constituted a danger to the community and to Government witnesses.

In the instant Motion, the Defendant erroneously claims that the Government has retreated from its proffer during the detention hearing. To the contrary, the Government's position has been and remains that Defendant Hicks served the goals of the conspiracy in a dual capacity - as a courier and as a source of confidential law enforcement information.

Second, the Defendant attempts to detract from the Government's proof by pointing to the plea agreements entered into between the Government and co-defendant Earl Parker and the Government and co-defendant Sam Jones. This argument lacks merit. That the Government entered into agreements regarding the specific amount of narcotics for which each defendant would be held responsible in exchange for their acceptance of responsibility and anticipated cooperation simply does not impact the overall scope of the conspiracy or the culpability of the remaining defendants. Defendant Jones plead guilty to Count Two of the indictment, not Count One, so it is consistent that he would be held responsible for the amount of cocaine involved in

5

Count Two - in excess of two kilograms of cocaine. With respect to defendant Earl Parker, the amount attributable to him was based upon a specific instance of offense conduct and again, does not negatively impact the scope of the conspiracy.

Third, the Defendant has submitted "affidavits" ostensibly belonging to a number of co-defendants in this case which purport to support the Defendant's claim that he did not commit the offense charged in Count One. These statements, however, are simply not credible. First, none of the statements was made under oath or under penalty of perjury; rather, they were simply "acknowledged." Second, with the exception of the statement of Bernard Smith, the statements all appear to have been drafted on the same typewriter and all use virtually identical language. According to co-defendants Sam Jones and Earl Parker, Defendant Hicks drafted the statements without consulting with any of the defendants. Further, the statements of co-defendants Jones and Parker were taken without consultation with and the consent of each co-defendant's respective attorney.

Both defendants Jones and Parker have advised law enforcement that Defendant Hicks either personally or through a third party approached them with the statements already typed out. Neither Jones nor Parker had any control over the content of the statement.

According to Jones, the statement is false, particularly as relates to the final two sentences concerning Hicks' lack of involvement in illegal activity. Jones advised law enforcement that he signed the statement without reading it and that he understood the statement to be that he, personally, had never engaged in a narcotics deal with Defendant Hicks. Jones' clarification to law enforcement is entirely consistent with his prior statements and with the Government's proof in this case. Moreover, the Government has not, at any time, proffered that Defendant Hicks and

Jones engaged in any deal together. Thus, Jones' statement, to the limited extent that it might be truthful, has no negative impact on the Government's case against Defendant Hicks.

According to Parker, a third party approached Parker a week before the statement was signed and presented the statement for Parker's signature. Parker refused to sign it. On February 25, 2001, Defendant Hicks approached Parker and told him to sign the statement. Defendant Hicks told Parker that Hicks and Hicks' cousin knew where Parker's family lived, that Hicks' "people" would see Parker's "people" and that Hicks' cousin would "catch Parker's family." It was only when confronted with this threat to his family that Parker signed the statement. Parker advised law enforcement that the statement was entirely false and that it contradicted Parker's earlier true statements to law enforcement concerning Defendant Hick's involvement in the conspiracy. Parker's account of Defendant Hicks' coercive techniques demonstrates why detention continues to be appropriate for Defendant Hicks. Defendant Hicks has been, and remains a threat to Government witnesses.

WHEREFORE, the Government respectfully requests that the Defendant's motion for review be dismissed as untimely. In the alternative, the Government requests that the Court deny the Defendant's motion as the Defendant has failed to present any newly discovered credible evidence which would impact Magistrate Judge Snow's factual findings and legal conclusions.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 3rd day of May, 2001, to: Ruben Garcia, Esquire, 1209 S.E. 3rd Avenue, Fort Lauderdale, Florida 33316.

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

8