UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA        )
                                )
                                )
                                )
v.                              )
                                )
BARRY SMITH, a/k/a "Scar,"      )
et al.,                         )
                                )
        Defendants.             )
                                )
_____)



## GOVERNMENT'S SEVENTH SUPPLEMENTAL
## RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this seventh supplemental response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. response to the Standing Discovery Order.

C.    Prospective government witness Timothy Wimberly paid a law enforcement officer in Albany, Georgia for information relating to criminal charges there.    Wimberly paid approximately $300 to the officer each time he was given information.  Defendant Barry Smith was aware that Wimberly was receiving this information.



D.       Prospective government witness Ancel Pratt was compensated for providing information and assistance to law enforcement from May 1998 through August 2001.    Mr. Pratt received \$15,850 as payment for his services.    Mr. Pratt received \$20,430.92 as payment for his expenses.    These expenses were as follows: rent for the warehouse located at 550 N.W. 27th Avenue, Bay, B-3, Fort Lauderdale; cellular telephone usage; and expenses relating to Mr. Pratt's and his family's relocation as a result of threats received in connection with this case.    Prior to his cooperation in this investigation, Mr. Pratt had on occasion provided information to the Broward Sheriff's Office and the Metro-Dade Police Department.    Mr. Pratt received minimal payments for such information.    Such information and payments have no connection to this investigation.    The government has no information relating to either the payments or Mr. Pratt's cooperation.

The plea agreements of codefendants Sam Jones and Earl Parker have previously been provided.    Attached is an unexecuted copy of the plea agreement between the United States Attorney's Office for the Middle District of Georgia and Timothy Wimberly.    Attached is an executed copy of the plea agreement between the United States Attorney's Office for the Middle District of Georgia and Mantoie Hicks.    The United States Attorney's Office for the Southern District of Florida is not a party to these plea agreements and has made no promises to these witnesses in connection with their cooperation and testimony in this case.    The government has advised these witnesses that their cooperation in this case will be made known to the United States Attorney's Office for the Middle District of Georgia.    With respect to prospective government witness Jose Reyes, the government has made no promises to Mr. Reyes in connection with his cooperation and testimony in this case.    The United States Attorney's Office for the Middle District of North Carolina will not consider a Rule 35 reduction in sentence for Mr. Reyes as during an argument in a holding cell with a witness in his cousin's trial, Mr. Reyes cut the witness with a razor blade.    The government has advised Mr. Reyes that his cooperation in this case will be made known to the United States Attorney's Office for the Middle District of North Carolina.    With respect to prospective government witness Michael Haynes, Mr. Haynes had previously testified for the government and received a Rule 35 reduction in his federal sentence.    Mr. Haynes is receiving no benefit for his testimony in this case.

E.      Attached are the NCIC records and prior felony convictions of prospective government witnesses, Michael Haynes, Timothy Wimberly, Mantoie Hicks, Terry Cunningham and Jose Reyes. With respect to Wimberly, a certified copy of his conviction in Atlanta, Georgia, will be provided as soon as it is received by the undersigned.  The prior convictions of codefendants Sam Jones and Earl Parker have previously been provided. Ancel Pratt has no prior felony convictions. There is a pending state case against Mr. Pratt for aggravated assault.  The government has made no promises or inducements to any person with respect to this pending charge.

H.      The government intends to offer at trial evidence that beginning in Summer 1996, Barry Smith began providing cocaine to Timothy Wimberly in Albany, Georgia.   The initial transaction was for one kilogram of cocaine for which Wimberly paid $24,000.     After this initial transaction, Wimberly would contact Barry Smith directly via pager.  Barry Smith would call Wimberly back and tell him that "Dank" LNU would "holler at him." Shortly thereafter, Dank would arrive in Albany with two kilograms of cocaine.  Wimberly would pay $24,000 for one kilogram and would be fronted the other.  On many occasions, Barry Smith would travel to Albany and be paid directly by Wimberly.    Barry Smith also used his brother Orsenio as a go-between.   This process continued through approximately February 1997, and then from Summer 1997 through approximately April 1998.   This evidence is being offered under the theory that it is inextricably intertwined with and forms a basis for the charges in this case.  To the extent necessary in that some of these activities occurred prior to December 1996, the government is hereby providing notice pursuant to Federal Rule of Evidence 404(b) of its intent to offer such evidence.

        The government is also providing notice of its intent to offer evidence that the cocaine which was at issue in the murder of Zhivada Williams in July 1999 was Barry Smith's cocaine.   The government will offer testimony, as corroborated by telephone interceptions which have already been provided to the defense, that after Williams' murder, Barry Smith sent Asia Nelson to Georgia to retrieve Smith's cocaine from Williams' apartment.    Asia Nelson arranged through Timothy Wimberly to sell the cocaine to Mantoie Hicks. Nelson also stole approximately $20,000 of Barry Smith's money during this time.   This evidence is being offered under the theory that it is inextricably intertwined with and forms a basis for the charges in this case.  To the extent necessary, the government is hereby providing notice pursuant to Federal

3

Rule of Evidence 404(b) of its intent to offer such evidence.

The attachments to this response have not been filed with the Court. The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

cc: Special Agent Andrew W. Thompson, FBI

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by express mail this _____ day of August, 2001, to: Randee Golder, Esquire, 10026 Lexington Circle, North, Boynton Beach, Florida 33436.

KATHLEEN RICE
Assistant United States Attorney

4