UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.00-6162-CR-SEITZ

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | NIGHT BOX FILED |
| ) | |
| ) | JUN - 2 2006 |
| RAYMOND HICKS, ) | |
| ) | CLARENCE MADDOX |
| Defendant. ) | |
| _____) | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS MOTION TO EXPUNGE RECORD

The United States of America, by and through undersigned counsel, hereby responds to Defendant Raymond Hicks' Motion to Expunge Record, and states as follows:

1. The defendant was indicted on or about June 15, 2000 and charged with conspiracy to possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846.

2. On September 26, 2001, the defendant was acquitted after a jury trial.

3. The defendant has now filed a "Motion to Expunge Record."

### MEMORANDUM OF LAW

While the Court apparently does possess the inherent authority to grant an expungement of an arrest record, that authority has been deemed limited to situations involving extreme circumstances, such as a constitutional infirmity in the arrest. United States v. Lopez, 704 F. Supp. 1055 (S.D. FL 1988). The mere fact that a defendant has been acquitted of a criminal charge does



not warrant the granting of expungement of the records. Lopez, supra; United States v. Linn, 513 F.2d 925 (10th Cir. 1975). In ruling on a request for an expunction, the court must balance the rights of the defendant with the need for governmental authorities to maintain accurate records. "The judicial editing of history is likely to produce a greater harm than that sought to be corrected". Rogers v. Slaughter, 469 F.2d 1084 (5th Cir. 1972).

Here the defendant has failed to allege any circumstances that would justify an expungement. There is no allegation or showing of bad faith or other government misconduct in the bringing of charges against him. The mere fact he was acquitted of criminal charges is insufficient to justify an expungement of his records.

Wherefore the United States requests that defendant's Motion to Expunge Record be denied.

Respectfully Submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____ for
Roger H. Stefin
Assistant United States Attorney
Florida Bar No. 0287334
500 E. Broward Blvd., Ste 700
Fort Lauderdale, FL 33394
Tel: (954) 356-7255 ext. 3558
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by United States mail this 2nd day of June, 2006, to: Raymond L Hicks, 3131 NW 43rd Place, Oakland Park, FL 33309.

_____
Roger H. Stefin
Assistant United States Attorney